IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| THE TOHONO O'ODHAM NATION<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | ) ) ) ) ) ) ) ) ) ) | Case No. 06-944L<br>Judge Eric G. Bruggink<br><br>**Electronically filed: March 27, 2007** |

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant The United States of America (hereafter "Defendant" or "the United States") hereby submits the following Answer to the Complaint. Defendant specifically denies each and every allegation of the Complaint that is not otherwise expressly admitted, qualified, or denied in this Answer. The numbered paragraphs of this Answer correspond to the numbered paragraphs of the Complaint.

## I. "GENERAL NATURE OF THE ACTION"

1. The allegations of Paragraph 1 constitute Plaintiff's characterizations of this suit to which no response is required.

## II. "THE PARTIES"

2. As to the allegations in the first sentence of Paragraph 2, Defendant admits that Plaintiff Tohono O' Odham Nation (hereafter "Plaintiff" or "the Tohono O'Odham"), formerly known as the Papago Tribe, is a federally-recognized Indian tribe; however, Defendant lacks knowledge sufficient to admit or deny the remainder. As to the allegations in the second sentence, Defendant admits that the Plaintiff is a beneficiary to certain property and proceeds therefrom which are held in trust by the United States for Plaintiff; however, Defendant avers that the terms "real property," and "proceeds" as used by Plaintiff, are vague and ambiguous,

such that Defendant is unable to formulate a response thereto.

3. As to the allegations contained in Paragraph 3, Defendant admits that the United States acts as trustee for such assets as it holds in trust for the Tohono O'Odham, and that the United States carries out certain legal responsibilities for the Tohono O'Odham through the Secretaries of the Interior and Treasury. The remaining allegations are conclusions of law to which no response is required.

4. As to the allegations contained in the first sentence of Paragraph 4, Defendant admits that Mr. Dirk Kempthorne is the Secretary of the Interior and that the United States carries out certain of its legal responsibilities for Plaintiff through the Secretary of the Interior. Defendant avers however, that the term "officer" as used by Plaintiff is vague and ambiguous, such that Defendant is unable to formulate a response thereto. The remaining allegations in Paragraph 4 are conclusions of law to which no response is required. Defendant denies that Dirk Kempthorne or the Secretary of the Interior is a "party" to this action.

5. As to the allegations contained in Paragraph 5, Defendant admits that Ross O. Swimmer is the Special Trustee for American Indians; that he is appointed by the President of the United States with the advice and consent of the Senate; and that the United States carries out certain of its trust responsibilities for the Tohono O'Odham (such as some of those specified in the American Indian Trust Reform Management Reform Act, 25 U.S.C. §§ 4001 *et seq*.) through the Special Trustee. The Defendant avers that the term "reports directly to" is vague and ambiguous such that Defendant is unable to formulate a response thereto. The remaining allegations in Paragraph 5 are conclusions of law to which no response is required. Defendant denies that Ross Swimmer or the Special Trustee for American Indians is a "party" to this action.

6. As to the allegations of Paragraph 6, Defendant admits that Henry M. Paulson is the

Secretary of the Treasury. The remaining allegations in Paragraph 6 are conclusions of law to which no response is required. Defendant denies that Henry M. Paulson or the Secretary of the Treasury is a "party" to this action.

## III. "JURISDICTION "

7. Paragraph 7 consists of Plaintiff's characterizations and conclusions of law to which no response is required. The cited statutes speak for themselves and are the best evidence of their contents.

8. Paragraph 8 consists of Plaintiff's characterizations and conclusions of law to which no response is required. The cited statutes and judicial decisions speak for themselves and are the best evidence of their contents.

## IV. "THE TRUST OBLIGATIONS OF THE UNITED STATES WITH RESPECT TO THE NATION"

9. As to the allegations contained in the first sentence of Paragraph 9, Defendant admits that reservation land now occupied by the Tohono O'Odham was originally established pursuant to several Executive Orders and Acts of Congress between 1874 and 1955. Defendant avers however, that the reservation land was set aside for the benefit of "the Papago and such other Indians" pursuant to Executive Order dated July 1, 1874. Defendant admits the allegations contained in the second sentence of Paragraph 9, but avers that the terms "San Lucy District," "San Xavier District" and "Papago Reservation" as used by Plaintiff are vague and ambiguous such that Defendant is unable to formulate a response thereto. Defendant further avers that land comprising the tribal reservation is comprised of four non-contiguous reservations located in south-central Arizona (the "Nation Reservation"). As to the third sentence of Paragraph 9,

Defendant avers that the term “largest” is vague and ambiguous such that such that Defendant is unable to formulate a response thereto.

10. As to the allegations contained in the first sentence of Paragraph 10, Defendant avers that it holds tribal reservation land in trust for the benefit of the Plaintiff, and that the Nation Reservation is comprised of four non-contiguous areas located in south-central Arizona. Defendant admits that the lands comprising the Nation Reservation occupy portions of the counties of Maricopa, Pinal and Pima, in south-central Arizona. Defendant avers that the phrase “largest segment” is vague and ambiguous such that Defendant is not able to formulate a response thereto. As to the allegations contained in the second sentence of Paragraph 10, Defendant avers that reservation land for the “Papago Indians in Arizona” was established pursuant to Executive Order No. 2300 dated January 14, 1916 and that Executive Order No 2300 was superceded by Executive Order No. 2524 dated February 1, 1917. These Executive Orders speak for themselves and are the best evidence of their contents. As to the allegations contained in the third sentence of Paragraph 10, Defendant avers that the terms “approximately” and “main reservation” as used by the Plaintiff are vague such that Defendant is unable to formulate a response thereto.

11. As to the allegations contained in the first and second sentence of Paragraph 11, Defendant avers that the terms “San Lucy District” and “main reservation” as used by the Plaintiff are vague and ambiguous such that Defendant is unable to formulate a response thereto. Notwithstanding such ambiguity, the Defendant admits that it holds reservation land referenced by Plaintiff as the “Gila Bend Reservation” in trust for the benefit of the Plaintiff, and that such land is a part of four non-contiguous areas located in south-central Arizona held in trust by the Defendant for the benefit of the Plaintiff. As to the allegations contained in the third sentence of

Paragraph 11, Defendant admits that the tribal reservation land held in trust by Defendant was initially formed pursuant to Executive Order dated December 12, 1882, but that such lands were reserved for the "Papago and such other Indians." Defendant avers that certain of those lands were restored to the public domain pursuant to Executive Order Number 1900, dated June 17, 1909; these Executive Orders cited by Plaintiff speak for themselves and are the best evidence of their contents. As to the allegations contained in the last sentence of Paragraph 11, Defendant avers that the term "approximately" as used by the Plaintiff is vague such that Defendant is unable to formulate a response thereto.

12. As to the allegations contained in the first sentence of Paragraph 12, Defendant avers that the terms "San Xavier District" and "main reservation" as used by Plaintiff are vague and ambiguous such that Defendant is unable to formulate a response thereto. Notwithstanding such ambiguity, Defendant admits that it holds title to four non-contiguous areas of land located in south-central Arizona in trust for the benefit of the Plaintiff. Defendant further avers that reservation land located in south-central Arizona was established for the "Papago and such other Indians" pursuant to Executive Order dated July 1, 1874; the cited Executive Order speaks for itself and is the best evidence of its contents. As to the allegations contained in the last sentence of Paragraph 12, Defendant avers that the term "approximately" as used by the Plaintiff is vague such that Defendant is unable to formulate a response thereto.

13. As to the allegations contained in Paragraph 13, Defendant admits that the United States holds lands and other assets in trust for Plaintiff, including the lands comprising the Nation Reservation, and that the United States carries out certain legal responsibilities for Plaintiff through the Secretary of the Interior. Defendant avers, however, that certain land comprising the

Nation Reservation is held in trust for the benefit of individual Indian allottees. Defendant denies that Plaintiff's trust assets or the lands comprising the Nation Reservation are solely "managed" by the Department of the Interior, and avers that Plaintiff shares control and management of such trust assets. Defendant further avers that the respective extents of Plaintiff's and Defendant's control and management of such trust property also are set forth in the provisions of and regulations implementing statutes respecting tribal property held in trust as well as pursuant to specific agreement(s) between the parties.

14. The first sentence of paragraph 14 contains characterizations and conclusions of law to which no response is required. The cited statute speaks for itself and is the best evidence of its contents. As to the second sentence of paragraph 14, Defendant denies that Plaintiff's "mineral rights" are solely "managed" by the Department of the Interior, and avers that Plaintiff shares control and management of such trust assets and that other persons may share rights to such assets. Defendant further avers that the respective extents of Plaintiff's and Defendant's control and management of such trust property also are set forth in the provisions of and regulations implementing statutes respecting tribal property held in trust, as well as pursuant to specific agreement(s) by and between the parties.

15. As to the allegations contained in the first sentence of Paragraph 15, Defendant avers that the term "substantial," as used by Plaintiff, is vague and ambiguous, such that Defendant is unable to formulate a response thereto. Defendant admits, however, that some portion of the funds it holds or has held in trust for Plaintiff is derived "from income from" Plaintiff's trust assets. As to the second sentence contained in Paragraph 15, Defendant admits that Plaintiff is the beneficial owner of lands and associated natural resources, including copper, sand and gravel,

and that Defendant holds title to those lands in trust for the benefit of Plaintiff. The Defendant avers, however, that the terms "other minerals" and "valuable" are vague and ambiguous, such that it is unable to formulate a response thereto.

16. As to the allegations contained in Paragraph 16, Defendant admits that income is derived from the various uses from, and sale of, natural resources such as leases, easements and rights-of-way, that are authorized to be made of the trust lands of Plaintiff, and that such income, together with the trust lands themselves, are trust assets held by the Defendant for the benefit of the Plaintiff. The allegation that Plaintiff's assets and income they produce "form the core of" Plaintiff's trust assets is vague and ambiguous such that Defendant is unable to formulate a response thereto.

17. As to the allegations contained in the first three sentences of Paragraph 17, Defendants admit that the Tohono O'Odham received judgment monies from the United States in satisfaction of various claims it brought against the United States. Defendant avers, however, that the cited Acts of Congress and judicial decisions speak for themselves and are the best evidence of their contents. The Defendant further avers that the July 21, 1976, settlement award of $26 million extinguished at least (1) any and all existing and future claims related to takings by the United States of 6.3 million acres of aboriginal tribal lands; and (2) then-existing claims seeking a general accounting of tribal trust fund monies held in trust by the United States. As to the fourth sentence, the Defendant admits that the statute cited by Plaintiff addresses the award, but avers that the statute speaks for itself and is the best evidence of its contents. As to the allegations contained in the fifth sentence of Paragraph 17, Defendant admits that the United States has managed, invested and distributed judgment funds, but avers that it has done so in accordance

with applicable law. The remaining allegations in the fifth sentence, and the allegations contained in the sixth and seventh sentences of Paragraph 17 consist of Plaintiff's characterizations and legal conclusions to which no response is required; moreover, the statute cited by Plaintiff speaks for itself and is the best evidence of its contents.

18. The allegations contained in Paragraph 18 consist of Plaintiff's characterizations and conclusions of law to which no response is required. The cited and quoted judicial decisions speak for themselves and are the best evidence of their contents.

19. The allegations contained in Paragraph 19 consist of Plaintiff's characterizations and conclusions of law to which no response is required. The cited statutes and regulations speak for themselves and are the best evidence of their contents.

20. The allegations contained in Paragraph 20 consist of Plaintiff's characterizations and conclusions of law to which no response is required. The cited statutes and judicial decisions speak for themselves and are the best evidence of their contents.

21. The allegations contained in Paragraph 21 consist of Plaintiff's characterizations and conclusions of law to which no response is required. The cited statutes and judicial decisions speak for themselves and are the best evidence of their contents.

22. The allegations contained in Paragraph 22 consist of Plaintiff's characterizations and conclusions of law to which no response is required.

## V. "BREACHES OF TRUST BY THE DEFENDANT"

23. The allegations contained in Paragraph 23 consist of Plaintiff's characterizations and conclusions of law to which no response is required. To the extent a response is required, Defendant denies this allegations.

24. The allegations contained in Paragraph 24 consist of Plaintiff's characterizations and conclusions of law to which no response is required.

**COUNT I**

25. The Defendant incorporates by reference herein its response to the allegations in Paragraphs 1-24 of the Complaint.

26. As to the allegations contained in the first sentence of Paragraph 26, the Defendant admits that it has adopted regulations applicable to the management and administration of Indian trust land and natural resources. Defendant avers that the terms "pervasive control" and "regulatory framework" are vague and ambiguous such that Defendant is unable to formulate a response thereto and/or constitute a conclusion of law to which no response is required. Defendant denies that "management" of Plaintiff's trust assets are the sole responsibility of Defendant, and avers that Plaintiff shares control and management of such trust assets. Defendant further avers that the respective extents of Plaintiff's and Defendant's control and management of such trust property are set forth in the provisions of and the regulations implementing statutes respecting tribal property held in trust, as well as pursuant to specific agreement(s) by and between the parties. As to the second sentence of Paragraph 26, the Defendant admits that copper, sand and gravel are present on the Nation Reservation.

27. As to the allegations contained in the first sentence of Paragraph 27, the Defendant admits that the United States acting through the Secretary of the Interior has approved leases and issued permits to third parties for the removal of mineral resources from the Nation's trust property. Defendant avers however, that it is not in exclusive control of the tribal lands comprising the Nation Reservation and that the Tohono O'Odham shares control and

management of the lands comprising the Nation Reservation, including but not limited to management of the income derived from those lands. In response to the allegations contained in the second sentence of Paragraph 27, Defendant admits that compensation for such uses, where paid to the Defendant on behalf of the Tribe, has been collected and deposited for the benefit of Plaintiff, pursuant to applicable statutes and regulations respecting tribal property held in trust, as well as pursuant to specific agreement(s) by and between the parties. Defendant denies the allegations contained in the third sentence of Paragraph 27 as they contain Plaintiff's characterizations and conclusions of law to which no response is required. The Defendant admits the allegations contained in the last sentence of Paragraph 27. The remaining allegations of Paragraph 27 consist of Plaintiff's characterizations and conclusions of law to which no response is required.

28. As to the allegations contained in the Paragraph 28, Defendant avers that the term "complete and accurate accounting" as used by the Plaintiff, is vague and ambiguous, such that Defendant is unable to formulate a response thereto, *see, e.g.*, Bogert & Bogert, Trusts and Trustees §§ 965-968 (rev. 2nd ed. 1982). Notwithstanding such ambiguity, Defendant denies that the Secretary of the Treasury has any obligation to provide an accounting to Plaintiff. In response to the allegations contained in the second sentence of Paragraph 28, Defendant avers that the term "complete" is vague and ambiguous such that Defendant is unable to formulate a response thereto. Defendant avers that Interior has furnished and continues to furnish Plaintiff with financial and accounting data and documentation, including, (a) from at least 1980 to 1995, reports entitled "Summary and Detail of Trust Fund Statements;" (b) a report in 1996 entitled "Tribal Trust Funds Reconciliation Project, Agreed-Upon Procedures and Findings Report for the

Tohono O'Odham Nation" for Fiscal Years 1973-1992 ("Agreed-Upon Procedures and Findings Report"), which set forth the results of Interior's project to reconcile tribal trust accounts for Fiscal Years 1973-1992; and (c) from 1995 to the present, periodic statements of accounts or performance for Plaintiff's trust fund monies received by Defendant. Defendant avers that the United States has furnished Plaintiff with trust account information as part of a judgment or settlement, in satisfaction of Plaintiff's accounting claims in cases including, but not limited to, The Papago Tribe of Arizona v. The United States, Docket Nos. 102 and 435 (Ind. Cl. Commission). Further, Defendant avers that additional information regarding Plaintiff's trust assets is available to it upon request. As to the remaining allegations in Paragraph 28, they consist of Plaintiff's characterizations and conclusions of law to which no response is required.

29. The allegations contained in the first sentence of Paragraph 29 consist of Plaintiff's characterizations and conclusions of law to which no response is required. Defendant avers, however, that, while the United States, through the Secretary of the Interior, participated in the execution and approval of leases, and issued permits for interests in mineral rights, it is not in exclusive control of the tribal lands of which the Tohono O'Odham Nation is the beneficial owner, and that the Tohono O'Odham Nation shares control and management of those lands. Defendant further avers that the respective extents of Plaintiff's and of the United States' control and management of such trust property are set forth in the provisions and statutes and the regulations implementing statutes respecting tribal property held in trust, as well as pursuant to specific agreement(s) by and between the parties. The allegations contained in the second and third sentence of Paragraph 29 consist of Plaintiff's characterizations and conclusions of law and of the relief it requests to which no response is required.

30. The allegations contained in Paragraph 30 consist of Plaintiff's characterizations and legal conclusions to which no response is required.

**COUNT II**

31. The Defendant incorporates by reference herein its response to the allegations in Paragraphs 1-30 of the Complaint.

32. As to the allegations contained in this first sentence of Paragraph 32, the Defendant admits that it has adopted regulations applicable to the management and administration of Indian trust land and non-mineral resources including non-mineral leases and agreements for interests in land. Defendant avers that the terms "pervasive control" and "regulatory framework" are vague and ambiguous and/or constitute a conclusion of law to which no response is required. Defendant further avers that it is not in exclusive control of the tribal lands comprising the Nation Reservation and that the Tohono O'Odham shares control and management of the lands comprising the Nation Reservation, including but not limited to management of the non-mineral estate located on the lands comprising the Nation Reservation; the respective extents of Plaintiff's and of the United States' control and management of such trust property are set forth in the provisions of and the regulations implementing statutes respecting tribal property held in trust, as well as pursuant to specific agreement(s) by and between the parties. The allegations contained in the last sentence of Paragraph 32 consist of Plaintiff's characterization of Mitchell II, 463 U.S. at 223 and legal conclusions to which no response is required.

33. As to the allegations contained in Paragraph 33, Defendant avers that the phrase "complete and accurate accounting of the revenue" as used by Plaintiff, is vague and ambiguous, such that Defendant is unable to formulate a response thereto, *see e.g.*, Bogert & Bogert, Trusts

and Trustees §§ 965-968 (rev. 2d ed. 1982). Notwithstanding such ambiguity, Defendant denies that the Secretary of the Treasury has any obligation to provide an accounting to Plaintiff. In response to the allegations contained in the second sentence of Paragraph 33, Defendant avers that Interior has furnished and continues to furnish Plaintiff with financial and accounting data and documentation, including, (a) from at least 1980 to 1995, reports entitled "Summary and Detail of Trust Fund Statements;" (b) a report in 1996 entitled "Tribal Trust Funds Reconciliation Project, Agreed-Upon Procedures and Findings Report for the Tohono O'Odham Nation" for Fiscal Years 1973-1992 ("Agreed-Upon Procedures and Findings Report"), which set forth the results of Interior's project to reconcile tribal trust accounts for Fiscal Years 1973-1992; and (c) from 1995 to the present, periodic statements of accounts or performance for Plaintiff's trust fund monies received by Defendant. Defendant further avers that the United States has furnished Plaintiff with trust account information as part of a judgment or settlement, in satisfaction of Plaintiff's accounting claims in cases including, but not limited to, <u>The Papago Tribe of Arizona v. The United States</u>, Docket Nos. 102 and 435 (Ind. Cl. Commission). Further, Defendant avers that additional information regarding Plaintiff's trust assets is available to it upon request.

34. The allegations contained in the first sentence of Paragraph 34 consist of Plaintiff's characterizations and legal conclusions to which no response is required. The Defendant avers, however, that while the United States participated in the execution and approval of leases, and the granting of easements and rights of way, that it is not in exclusive control of the tribal lands comprising the Nation Reservation and that the Tohono O' Odham shares control and management of the lands comprising the Nation Reservation, including but not limited to management of the non-mineral estate located on the lands comprising the Nation Reservation;

the respective extents of Plaintiff's and of the United States' control and management of such trust property are set forth in the provisions of and the regulations implementing statutes respecting tribal property held in trust, as well as pursuant specific agreement(s) by and between the parties. The allegations contained in the second and third sentence of Paragraph 34 consist of Plaintiff's characterizations and conclusions of law and of the relief it requests to which no response is required.

35. The allegations contained in Paragraph 35 consist of Plaintiff's characterizations and conclusions of law to which no response is required.

**COUNT III**

36. The Defendant incorporates by reference herein its response to the allegations in Paragraphs 1-35 of the Complaint.

37. As to the allegations contained in the first sentence of Paragraph 37, the Defendant admits that the United States has held in trust certain monies derived from judgments entered on claims Plaintiff has brought against the United States. As to the allegations contained in the second sentence of Paragraph 37, the Defendant admits that there are statutes and regulations in place which concern the management, distribution and investment of judgment funds and that the United States manages such funds in accordance with applicable law. The Defendant avers, however, that the term "pervasive" is vague and ambiguous and/or constitutes a characterization or conclusion of law to which no response is required. The allegations contained in the last sentence of Paragraph 37 consist of Plaintiff's characterization of Chippewa Cree Tribe of the Rocky Boy's Reservation v. United States, 69 Fed. Cl. 639, 656 (2006) and legal conclusions to which no response is required.

38. As to the allegations contained in Paragraph 38, Defendant avers that the phrase "complete and accurate accounting" as used by the Plaintiff, is vague and ambiguous, such that Defendant is unable to formulate a response thereto, *see, e.g.*, Bogert & Bogert, Trusts and Trustees §§ 965-968 (rev. 2nd ed. 1982). Notwithstanding such ambiguity, Defendant denies that the Secretary of the Treasury has any obligation to provide an accounting to Plaintiff. Moreover, Defendant avers that Interior has furnished and continues to furnish Plaintiff with financial and accounting data and documentation, including, (a) from at least 1980 to 1995, reports entitled "Summary and Detail of Trust Fund Statements;" (b) a report in 1996 entitled "Tribal Trust Funds Reconciliation Project, Agreed-Upon Procedures and Findings Report for the Tohono O'Odham Nation" for Fiscal Years 1973-1992 ("Agreed-Upon Procedures and Findings Report"), which set forth the results of Interior's project to reconcile tribal trust accounts for Fiscal Years 1973-1992; and (c) from 1995 to the present, periodic statements of accounts or performance for Plaintiff's trust fund monies received by Defendant. Defendant avers that the United States has furnished Plaintiff with trust account information as part of a judgment or settlement, in satisfaction of Plaintiff's accounting claims in cases including, but not limited to, <u>The Papago Tribe of Arizona v. The United States</u>, Docket Nos. 102 and 435 (Ind. Cl. Commission). Further, Defendant avers that additional information regarding Plaintiff's trust assets, including judgment fund monies has historically been, and is, available to it upon request.

39. The allegations contained in Paragraph 39 consist of Plaintiff's characterizations and conclusions of law to which no response is required.

40. The allegations contained in Paragraph 40 consist of Plaintiff's characterizations and conclusions of law to which no response is required.

## COUNT IV

41. The Defendant incorporates by reference herein its response to the allegations in Paragraphs 1-40 of the Complaint.

42. As to the allegations contained in the first sentence of Paragraph 42, the Defendant avers that the terms "pervasive" and "general tribal funds" are vague and ambiguous such that Defendant is unable to formulate a response thereto, moreover, Plaintiff's use of the term "pervasive"constitutes a characterization or conclusion of law to which no response is required. Notwithstanding such ambiguity, the Defendant admits that the United States has held in trust certain proceeds derived from leases, permits, easements, and rights of way, judgment funds and general tribal funds, including "Indian Moneys Proceeds of Labor" (IPML) funds. The allegations contained in the remainder of Paragraph 42 consist of Plaintiff's characterization of the cited statutes and of Osage Tribe of Okla. v. United States, 72 Fed. Cl. 629, 662 (2006) and legal conclusions to which no response is required.

43. The allegations contained in Paragraph 43 consist of Plaintiff's characterizations and conclusions of law to which no response is required.

44. The allegations contained in first, third, fourth and fifth sentences of Paragraph 44 consist of Plaintiff's characterizations and conclusions of law, and of the relief it requests to which, no response is required. The cited statutes and judicial decision speak for themselves and are the best evidence of their contents. As to the allegations contained in the second sentence of Paragraph 44, Defendant avers that the term "low rate of interest" is vague such that the Defendant is unable to formulate a response thereto.

45. The allegations contained in Paragraph 45 consist of Plaintiff's characterizations and

conclusions of law to which no response is required.

The remainder of the Complaint is Plaintiff's Prayer for Relief, to which no response is required.

**AFFIRMATIVE DEFENSES**

1. Plaintiff asserts claims that are barred, in whole or in part, by the Statute of Limitations, 28 U.S.C. § 2401.

2. To the extent that Plaintiff asserts claims that existed on or before August 12, 1946, those claims are barred by the Indian Claims Commission Act of August 13, 1946, 60 Stat. 1049, as amended (formerly 25 U.S.C. §§ 70 et seq.).

3. Plaintiff asserts claims that are barred, in whole or in part, by the doctrines of laches, equitable estoppel, waiver and consent, and other equitable defenses.

4. To the extent that Plaintiff asserts claims that it or its privies asserted or could have asserted in a prior adjudication in which a court of competent jurisdiction entered a final judgment, including, but not limited to, The Papago Tribe of Arizona v. The United States, Docket Nos. 102 and 435 (Ind. Cl. Commission), those claims are barred in whole or in part by the doctrines of *res judicata* and/or *collateral estoppel*.

5. Plaintiff asserts certain claims over which this Court lacks jurisdiction pursuant to 28 U.S.C. § 1500, among other provisions.

6. Plaintiff fails to state a claim upon which relief can be granted.

Respectfully submitted this 27th day of March, 2007.

MATTHEW McKEOWN
Acting Assistant Attorney General

*s/ Kevin J.Larsen*________
KEVIN J. LARSEN
United States Department of Justice
Environment and Natural Resources Division
Natural Resources Section
P.O. Box 663
Washington, D.C. 20044
Phone: (202) 305-0258
Fax: (202) 353-2021
E-mail: kevin.larsen@usdoj.gov
Attorney of Record for Defendant

OF COUNSEL:

JOHN H. MARTIN
United States Department of Justice
Environment and Natural Resources Division
Natural Resources Section
1961 Stout Street, Eighth Floor
Denver, Colorado 80294
Phone: (303) 844-1383
Fax: (303) 844-1350
E-mail: john.h.martin.@usdoj.gov

Kenneth A. Dalton
Office of the Solicitor
United States Department of the Interior
Washington, D.C. 20240

Teresa E. Dawson
Office of the Chief Counsel
Financial Management Service
United States Department of the Treasury
Washington, D.C. 20240