IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| THE TOHONO O'ODHAM NATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06-944L |
| | ) | Judge Eric G. Bruggink |
| | ) | |
| THE UNITED STATES OF AMERICA, | ) | **Electronically filed: 05/18/07** |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT'S MOTION TO DISMISS**

Pursuant to RCFC 12(b)(1), Defendant United States, moves to dismiss Plaintiff's complaint for lack of subject matter jurisdiction under 28 U.S.C. § 1500. As set forth in the following memorandum, it is a well-established rule of law that the United States cannot be compelled to defend a suit brought in this Court when the same claim is pending in another court. At bottom, the Complaint filed in the United States District Court on December 28, 2006, demands the same declaratory and monetary relief related to the Defendant's management and administration of Plaintiff's trust funds and assets that is requested by Plaintiff in its December 29, 2006 Complaint filed in this Court. The two Complaints seek the same relief based on substantially identical facts. Congress has expressly deprived this Court of jurisdiction to entertain a case containing claims that are duplicative of those in a pending case, and, as such, 28 U.S.C. § 1500 requires this Court to dismiss this case.

**MEMORANDUM OF LAW**

**I. RELEVANT FACTUAL BACKGROUND**

On December 28, 2006, Plaintiff filed a complaint in the United States District Court for the District of Columbia (the "District Court Complaint") against the Secretaries of the Interior and the

Treasury, as well as against the Special Trustee for American Indians (the "Government"). *See* District Court Complaint attached as Exhibit 1 hereto. The District Court Complaint seeks declaratory, injunctive and monetary relief based upon the Government's alleged breach of fiduciary duties with respect to its management of the Plaintiff's trust property (trust assets, funds and lands). *See* District Court Complaint ¶¶ 1, 4, 19-44. In Count One of the District Court Complaint, Plaintiff seeks a declaration that the Government is in breach of fiduciary duties owed to Plaintiff by "failing to provide the Nation with a complete, accurate, and adequate accounting of the Nation's trust assets as required by law." *See* District Court Complaint ¶¶ 34-39. In Count Two of the District Court Complaint, Plaintiff seeks injunctive and monetary relief. Specifically, Plaintiff demands an injunction ordering the Government to "provide a complete, accurate, and adequate accounting of the Nation's trust assets. . ." *Id.* at ¶ 42. Moreover, Plaintiff demands equitable *monetary* relief in the form of a "restatement of [its] trust fund balances in conformity with the ultimate and complete accounting, and to any additional equitable relief that may be appropriate (e.g. disgorgement, equitable restitution, or an injunction directing the trustee to take action against third parties)." *Id.* at ¶ 43; *see also* Prayer for Relief ¶¶ 5-6.

On December 29, 2006, Plaintiff lodged the complaint in this case with this Court (the "CFC Complaint") (Docket # 1). As with the District Court Complaint, the CFC Complaint alleges that the "United States, as trustee, has never provided the Nation a complete and accurate accounting of the revenue the United States collected or was required to collect. . ." *See* CFC Complaint. at ¶¶ 28, 33, 38. Moreover, Plaintiff asserts that it is entitled to a monetary award against the Defendant based on the purported breach of fiduciary duties related to its mismanagement of the Nation's mineral resources, non-mineral interests, and management of judgment and tribal funds. *See Id.* ¶¶ 1, 9-19, 23-45. Plaintiff specifically requests that this Court make a "determination that the Defendant is liable

to the Nation in damages for the injuries and losses caused as a result of Defendant's breaches of fiduciary duty." *See Id.* Prayer for Relief ¶ 1.

## II. ARGUMENT

### A. APPLICABLE LEGAL STANDARDS

The determination of whether this Court has subject matter jurisdiction to hear Plaintiff's claims is a question of law. *Toxgon Corp. v. BNFL, Inc.*, 312 F.3d 1379, 1381 (Fed. Cir. 2002) ("the existence of subject matter jurisdiction is a question of law"); *Maher v. United States*, 314 F.3d 600, 603 (Fed. Cir. 2002) (noting that the Federal Circuit reviews de novo whether the Court of Federal Claims possessed jurisdiction because this is a question of law). Dismissal is appropriate under RCFC 12(b)(1) where the Court of Federal Claims lacks jurisdiction under 28 U.S.C. § 1500. *See, e.g., Snyder v. United States*, 63 Fed. Cl. 762 (2005) (granting government's motion to dismiss pursuant to 12(b)(1) for lack of jurisdiction under 28 U.S.C. § 1500 and pursuant to RCFC 17(a)); *Wilson v. United States*, 32 Fed. Cl. 794 (1995) (granting government's motion to dismiss pursuant to 12(b)(1) or 12(b)(4) for lack of jurisdiction under 28 U.S.C. § 1500); *Firebaugh Canal Water Dist. v. United States*, 70 Fed. Cl. 593 (2006) (granting government's motion to dismiss pursuant to 12(b)(1) for lack of jurisdiction under 28 U.S.C. § 1500).

### B. PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED PURSUANT TO 28 U.S.C. § 1500

When this case was filed in this Court on December 29, 2006, Plaintiff already had a pending case in the District Court. *See* Exhibit. 1. The claims against Defendant in this case and the District Court case arise out of the same operative facts and, in both cases, Plaintiff is seeking monetary relief from the Defendant. Plaintiff's earlier filing of its district court case operates to divest this Court of jurisdiction under 28 U.S.C. § 1500, and, as a result, this case must be dismissed for lack of

jurisdiction.

Section 1500 of Title 28 provides:

> The United States Court of Federal Claims shall not have jurisdiction of any claim for or in respect to which the plaintiff or his assignee has pending in any other court any suit or process against the United States or any person who, at the time when the cause of action alleged in such suit or process arose, was, in respect thereto, acting or professing to act, directly or indirectly under the authority of the United States.

28 U.S.C. § 1500. The purpose of the Statute is to "force plaintiffs to choose between pursuing their claims in the Court of Claims or in another court" and to prevent the United States from having to litigate and defend against the same claim in both courts. *UNR Indus. v. United States*, 962 F.2d 1013, 1018, 1021 (Fed. Cir. 1992).

Section 1500 forbids a plaintiff from filing a claim in this Court against the United States that is already pending in another court. The Federal Circuit has held that a claim is pending in another court if it was filed earlier, or simultaneous with, the claim asserted in the Court of Federal Claims. *See Harbuck v. United States*, 378 F.3d 1324, 1328 (Fed. Cir. 2004). Analyzing whether claims are the same or distinctively different "requires a comparison between the claims raised in the Court of Federal Claims and in the other lawsuit." *Id*. at 1329 (quoting *Loveladies Harbor, Inc. v. United States*, 27 F.3d 1545, 1549 (Fed. Cir. 1994)). Such a comparison involves evaluating the Complaints filed in each Court. *See Loveladies*, 27 F.3d at 1553-54 (comparing district court and CFC complaints). Thus "[f]or the Court of Federal Claims to be precluded from hearing a claim under § 1500, the claim pending in another court must arise from the same operative facts, and must seek the same relief . . . [A] showing that the two claims arose from the same 'operative facts' is necessary, but not sufficient, to preclude the Court of Federal Claims from hearing a case. To come within the proscription of § 1500, the claims must also seek the same relief." *Loveladies*, 27 F.3d at 1551-52 (emphases omitted).

This Court has consistently defined the term "claim" for purposes of a Section 1500 analysis

to turn on operative facts, rather than legal theories. *See British Am. Tobacco Co. v. United States*, 89 Ct. Cl. 438, 440 (1939); *Los Angeles Shipbuilding & Drydock Corp. v. United States*, 152 F.Supp. 236, 238 (Ct. Cl. 1957); *Johns-Manville Corp. v. United States*, 855 F.2d 1556, 1562 (Fed. Cir. 1988). Further, the operative facts pleaded need not be identical. *Id.* It is sufficient that they are substantially the same. *Id*. (*See Keene Corp. v. United States*, 508 U.S. 200, 212-14 (1993)).

Just as the operative facts need not be identical for a claim to be the same, neither does the relief sought. *Harbuck*, 378 F.3d at 1329. The relief must be merely the same in nature: monetary, injunctive, or declaratory. It is enough that there is some overlap in the relief requested. *Id*.

The Court should dismiss this case because the three essential elements for Section 1500 dismissal are met: (1) the District Court case was pending when the Complaint was filed in this Court; (2) the two Complaints involve similar operative facts; and (3) Plaintiff is seeking overlapping declaratory and monetary relief in both courts.

**1. Plaintiff's District Court Complaint was Pending When it Filed its Complaint in this Court**

The record before this Court demonstrates that the District Court Complaint was filed before the Complaint in the instant action. *See* Exhibit 1 (filed December 28, 2006); *see also* CFC Docket #1, filed December 29, 2006. Plaintiff bears the burden of establishing jurisdiction, *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988), which burden would include, in the context of 28 U.S.C. § 1500, establishing that the District Court case was not pending at the time Plaintiff filed its Complaint in this Court, thus for purposes of a Section 1500 analysis, the District Court Complaint was *pending* when the Amended CFC Complaint was filed.

**2. Plaintiff's District Court and CFC Complaints are Based on the Same Operative Facts**

A comparative reading of the District Court and CFC Complaints confirms that they are based

on substantially the same facts. *See Loveladies*, 27 F.3d at 1551-52; *see also Keene Corp. v. United States*, 508 U.S. 200, 212-14 (1993). Both complaints use essentially identical factual allegations, namely, that the United States, as trustee, breached fiduciary duties owed to Plaintiff by allegedly failing to properly manage Tribal trust funds and assets. *Compare* District Court Complaint ¶¶ 1-4, 12-31, *with* CFC Complaint ¶¶ 1, 9-45. Moreover, Plaintiff cites to identical provisions of law in support of its contention that the United States breached fiduciary duties owed to the Plaintiff. *Compare* District Court Complaint ¶ 16, *with* CFC Complaint ¶ 19. Consequently, the facts underlying these allegations are likely to be substantially the same in both cases.

a. The District Court Complaint

In particular, in seeking an accounting in District Court, Plaintiff requests judicial review of the Government's past actions related to its management of (1) Plaintiff's tribal trust lands, associated resources and income derived therefrom; and (2) other assets held in trust by the Government for the Plaintiff's benefit in the form of monies derived from judgments entered by federal courts on various claims brought by Plaintiff against the Government. *See* District Court Complaint ¶¶ 2-4, 13, 14. Moreover, Plaintiff seeks review of the Government's contemporaneous record-keeping, or accounting of those actions. *See Id.* ¶¶ 4(b), (e); 20(a), (b); 33-39. Specifically, in the District Court Complaint, Plaintiff alleges that:

> Tribal lands, associated resources, and the income derived therefrom constitute a substantial portion of the assets held by the United States in trust for the Nation's benefit. Title to the land constituting the Nation's reservation is held in trust by the United States, with the Nation as the beneficial owner of the land and associated natural resources. Income is derived from, *inter alia*, the sale of these natural resources and the conveyance of certain interests in the Nation's tribal trust land, including leases, easements, and rights of way. These assets and the income they produce form the core of the Nation's tribal trust assets.

*Id.*, ¶ 13.

Among others, the breaches alleged by Plaintiff relating to the Government's management of tribal lands, associated resources and judgment monies include (1) failure to provide and unconscionably delaying the performance of a complete, accurate and adequate accounting of trust property; (2) the failure to maintain adequate books and records with respect to the trust property, including but not limited to, records of leases and other contractual arrangements giving rise to income from the trust property and records of investments of tribal trust assets; (3) the failure to take reasonable steps to preserve and protect trust property; (4) the failure to use reasonable skill and care to invest and deposit trust funds in such a way as to maximize the productivity of trust property within the constraints of law and prudence; and (5) the failure to ensure that trust assets are used for their highest and best use. District Court Complaint, ¶ 20.

Plaintiff contends that these breaches of fiduciary duties have limited its ability to know, or ascertain (1) the true state of its trust assets, including funds and related accounts holding such funds; (2) what amounts should have been credited to it and deposited into its accounts; (3) what amounts it should have been paid; (4) how much of its property has been diverted or converted to other uses; (5) to what extent the United States failed to maximize profits; or (6) whether the United States has attained fair market value for leases and sale of trust assets. District Court Complaint ¶ 21. Plaintiff alleges that the accounting that it receives in the District Court will illuminate the true state of its tribal trust assets and verify the accuracy of balances in its tribal trust fund accounts. *See* District Court Complaint, ¶¶ 1, 4, 21, 34, 42-43.

b. The Court of Federal Claims Complaint

Much like in the District Court action, in the Court of Federal Claims Complaint in this case, Plaintiff demands judicial review of the Government's past action related to its management of (1) Plaintiff's tribal trust lands, associated resources and income derived therefrom; and (2) other assets

held in trust by the United States for Plaintiff's benefit in the form of monies derived from judgments entered by federal courts on various claims brought by Plaintiff against the United States. *See* CFC Complaint ¶¶ 1, 15-17, 25-45.

As with the District Court Complaint, Plaintiff asserts that the assets and income produced from tribal lands and associated natural resources "form the core of the Nation's tribal trust assets." *Compare* District Court Complaint ¶ 13, *with* CFC Complaint ¶¶ 15-16. Plaintiff specifically challenges the adequacy of the compensation that it received from leases and permits for interests in mineral rights, asserting that the Defendant failed to achieve "fair market value" for the use of Tribal mineral resources. *Compare* CFC Complaint ¶¶ 25-30, *with* District Court Complaint ¶¶ 1-4, 13, 20-21. Plaintiff makes similar assertions with respect to the Defendant's management of non-mineral leases and agreements for interests in land such as easements, rights of way, and land and building leases. *Compare* CFC Complaint ¶¶ 31-35, *with* District Court Complaint ¶¶ 1- 4, 13, 20-21. With respect to Defendant's management of other assets such as judgment and tribal fund monies, Plaintiff asserts that Defendant failed to timely invest said monies and failed to obtain the maximum investment returns possible. *Compare* CFC Complaint ¶¶ 36-40, *with* District Court Complaint ¶¶ 1-2, 4, 14, 20-21.

While the District Court Complaint anticipates that the accounting sought by Plaintiff in the District Court will provide the factual predicate for the alleged breach of fiduciary duties committed by the Federal Defendants, the CFC Complaint anticipates achieving the same result by way of an evidentiary hearing, wherein this Court would essentially conduct an *accounting in aid of judgment. See* CFC Complaint ¶¶ 30, 35, 40, 45. Nevertheless, with respect to both Plaintiff's mineral and non-mineral trust asset claims, the same operative facts– what funds were collected and deposited and whether those funds were for an appropriate-value underlie both the District Court and CFC Complaints. Likewise, with respect to Plaintiff's judgment and trust funds claims, the same operative

facts – how the trust funds were appropriated, how and when they were invested, and the resources from which the Tribe received consideration – underlie both the District Court and CFC cases. Thus, for purposes of an analysis pursuant to 28 U.S.C. § 1500, both the District Court and CFC Complaints arise from the same operative facts.

### 3. The District Court and CFC Complaints Contain Substantially Overlapping Claims for Declaratory and Monetary Relief

The complaints in the District Court and in the CFC cases each seek an initial judicial determination as to the nature and scope of the Defendant's fiduciary duties pertaining to the management and administration of its trust assets. *Compare* District Court Complaint ¶¶ 1, 4, 19-31, 39, Prayer for Relief ¶¶ 1, 4, 6, *with* CFC Complaint ¶¶ 1, 22-45, Prayer for Relief ¶ 1. Also, the Complaints seek *monetary* relief against the Defendant arising from the same breach that Plaintiff hopes the courts will find. Under such circumstances, Section 1500 automatically divests this Court of jurisdiction where a Plaintiff has overlapping claims of this nature in more than one forum. *See Harbuck*, 378 F.3d at 1329.

Despite its assertions to the contrary, in the District Court action, Plaintiff requests more than an order for a simple equitable accounting. There, Plaintiff contends that the true balances of its trust accounts are inaccurate and that such balances "would be far greater but for the [Defendants'] breaches of trust." District Court Complaint ¶ 2. Tellingly, some of the specific breaches alleged by Plaintiff include the failure to "maximize the productivity of trust property" and to "ensure that trust assets are used for their highest and best use." *See Id.* ¶ 20(f) (g). Plaintiff asks the District Court to first define the scope of the Defendants' fiduciary duties related to the management and administration of its trust assets and subsequently to declare Defendants to be in breach of said duties. *See Id.* ¶¶ 1,4, 19-31-44, Prayer for Relief ¶¶ 1, 2, 4. Once armed with the District Court's declaration, the accounting will

commence, and, Plaintiff hopes, ultimately culminate with an order from the District Court restating Plaintiff's trust fund account balances and/or awarding equitable restitution or disgorgement against the Government. *See Id.* ¶¶ 32-44, Prayer for Relief ¶¶ 5-6. Restitution is a remedy that may come in the form of "a judgment at law or decree in equity for the payment of money, directly or by way of set-off or counterclaim" among other things. *See Restatement (First) of Restitution*, § 4(f) (1937). Disgorgement is defined as the "act of giving up something (such as profits illegally obtained) on demand or by legal compulsion." *Black's Law Dictionary* (7th ed. 1999); *see also United States v. Phillip Morris, Inc.*, 116 F. Supp. 2d 131, 135 (D.D.C. 2000).[1/]

The Complaint in this case seeks a "determination that Defendant is liable to the Nation in damages for the injuries and losses caused as a result of Defendant's breaches of fiduciary duty." *See* CFC Complaint Prayer for Relief ¶ 1. Such a "determination" is the equivalent of the declaration that Plaintiff seeks in the District Court. Here, Plaintiff alleges eleven separate breaches of fiduciary duties by the Government for which it demands monetary compensation. *Compare* CFC Complaint ¶ 23, *with* District Court Complaint ¶¶ 4, 20-21. Specifically, Plaintiff contends that the Defendant mismanaged its mineral and non-mineral estate by, *inter alia*, failing to execute leases, permits, easements and rights of way for "fair market value." *Compare* CFC Complaint ¶¶ 25-35, *with* District Court Complaint ¶¶ 4(c) (d), 20(f) (g), 21. Plaintiff asserts that the Defendant failed to timely invest its judgment and trust fund monies and to maximize its investment returns. *Compare* CFC Complaint, ¶¶ 36-45, *with* District

---

[1/] Defendant does not agree that the District Court has jurisdiction to award the monetary relief that Plaintiff seeks in that Court. But the validity of Plaintiff's claim in the District Court should not be relevant to the Court's determination under Section 1500, which requires only that the same claim be pending in another court at the time the CFC action is filed. It should be for the District Court to consider Defendant's assertions that it does not have jurisdiction to award the monetary relief that Plaintiff seeks. *Cf. Forsgren v. United States*, 73 Fed.Cl. 135, 142 (2006) ("This court will not step into the shoes of a district court judge and create the fiction that the district court complaint is 'deemed' dismissed.").

Court Complaint ¶¶ 2, 4(c) (d), 20(f) (g). It is axiomatic that Plaintiff's damages claims necessarily depend upon a liability determination from this Court. Hence, the declaratory judgment that Plaintiff seeks from the District Court spelling out the Government's legal obligations in the management of trust property and its alleged breach of those duties is identical to the liability determinations that Plaintiff has prayed for in this case.

The monetary relief sought by Plaintiff in this forum to redress what it contends are gross breaches of trust related to the management and administration of Plaintiff's trust property is already pending against the United States in the District Court. *See* CFC Complaint, ¶¶ 1, 24, 30, 35, 40, 45. The District Court claims for a restatement of trust fund account balances by way of restitution and/or disgorgement essentially seek a return to Plaintiff of the money that it contends is improperly possessed by the Government. Plaintiff seeks the same result in this Court.

Plaintiff's earlier-filed claims for monetary restatement, restitution and/or disgorgement in the district court await determination by this Court as well. *See Eastport S.S. Corp. v. United States*, 372 F.2d 1002, 1007 (Ct. Cl. 1967) (stating that non-contractual claims acceptable for consideration by this Court "can be divided into two somewhat overlapping classes-those in which the plaintiff has paid money over to the Government, directly or in effect, and seeks a return of all or part of that sum; and those demands in which money has not been paid but the plaintiff asserts that he is nevertheless entitled to a payment from the treasury.") If this Court determines that Defendant indeed breached fiduciary duties owed to Plaintiff based on Defendant's management and administration of Plaintiff's trust funds and assets, by failing, for example, to achieve fair market value for leases, easements and rights of way (*see* CFC Complaint ¶¶ 25-35), or to post the appropriate amounts of interest, the Defendant could be ordered to disgorge money or pay restitution to Plaintiff to compensate for monies that Plaintiff contends it should have always had. *See* District Court Complaint ¶ 2. The same holds true for

Plaintiff's claims related to judgment and trust fund monies. *See* CFC Complaint ¶¶ 36-45. Plaintiff's pleadings in both courts thus assert similar claims for declaratory and monetary relief based on the same set of facts. *See British American*, 89 Ct. Cl. at 440. Congress explicitly deprived this Court of jurisdiction over these types of cases when it enacted 28 U.S.C. § 1500. *See Johns-Manville*, 855 F.2d at 1565.

## III. CONCLUSION

For the foregoing reasons, this Court should dismiss Plaintiff's CFC Complaint pursuant to 28 U.S.C. § 1500.

Respectfully submitted this 18h day of May, 2007,

MATTHEW J. MCKEOWN
Acting Assistant Attorney General

*s/ Kevin J. Larsen*
KEVIN J. LARSEN
United States Department of Justice
Environment and Natural Resources Division
Natural Resources Division
P.O. Box 663
Washington, D.C. 20044-0663
Tel: (202) 305-0258
Fax: (202) 353-2021

Attorney of Record for Defendant

OF COUNSEL:

JOHN H. MARTIN
United States Department of Justice
Natural Resources Section
1961 Stout Street, Eighth Floor
Denver, CO 80294
john.h.martin@usdoj.gov
TEL: (303) 844-1383
FAX: (303) 844-1350

ANTHONY P. HOANG

United States Department of Justice
Environment and Natural Resources Division
Natural Resources Section
P.O. Box 663
Washington, D.C. 20044-0663
Tel: (202) 305-0241
Fax: (202) 353-2021

THOMAS BARTMAN
Office of the Solicitor
United States Department of the Interior
Washington, D.C. 20240

RACHEL HOWARD
Office of the Chief Counsel
Financial Management Service
United States Department of the Treasury
Washington, D.C. 20227